IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERVIN HARRIS, #M54649, **Plaintiff,** v. C/O BURTON, C/O DUBREE, and SERGEANT GREEK, **Defendants.** | Case No. 20-cv-00835-RJD |

## MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Ervin Harris, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Harris claims that he slipped and fell while being escorted to the internal affairs unit and did not receive prompt treatment for his injuries to his wrist. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be

---

[1] The Court has jurisdiction to screen the Complaint in light of Harris's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Harris alleges the following: On the morning of July 19, 2019, at around 9:30 a.m., he was escorted by Correctional Officer Burton to the internal affairs unit. (Doc. 1, p. 6). Earlier that morning, oatmeal had been spilled on one of the staircases and had not been cleaned. Although Burton knew that the stairs still had oatmeal on them, he escorted Harris to internal affairs using that staircase rather than another flight of stairs. As a result, Harris slipped and fell down the flight of stairs and injured his wrist. Burton did not take Harris to receive medical attention but took him back to his cell. Burton then told Harris to clean himself and change clothes. Correctional Officer Dupree then came to the cell and handcuffed Harris's hands behind his back, even though Harris told Dupree that his wrist was causing him pain and his wrist was cut and dripping blood. Dupree then escorted Harris to interlock where Sergeant Greek told Dupree to take Harris back to the cell because Harris had not changed as instructed. Harris told Dupree that he could not move his wrist to change, but Dupree still took Harris to his cell and told him he had ten minutes to change. At 10:45 a.m., Sergeant Greek came to escort Harris and Correctional Officer Myer took Harris to the health care unit where he was treated by a nurse. (*Id.*).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

> **Count 1:** Eighth Amendment claim against Burton for subjecting Harris to dangerous conditions of confinement.
>
> **Count 2:** Eighth Amendment claim against Burton, Dupree, and Greek for deliberate indifference to a serious medical condition by not promptly seeking medical treatment for Harris's injured wrist.

**Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

### Count 1

To prevail on his Eighth Amendment claim for unconstitutional conditions of confinement, Harris must plead he was "incarcerated under conditions posing a substantial risk of serious harm" and that Defendant Burton was aware of a "substantial risk of serious injury" but failed to take appropriate steps to protect him. *See Santiago v. Walls,* 599 F .3d 749, 756 (7th Cir. 2010); *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Mere negligence or even gross negligence is not sufficient for liability under Section 1983. Defendant's actions must be intentional or criminally reckless. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, the temporary slippery conditions of the staircase resulting from spilled oatmeal are not sufficiently serious to support a claim for unconstitutional conditions of confinement. The Seventh Circuit has made it clear that slip-and-fall accidents almost never support a constitutional claim. *Pyles v. Fahim*, 771 F.3d 403, 410 at n. 25 (7th Cir. 2014). In fact, federal courts have consistently adopted this view. *Id.* (citing *Coleman v.*

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

*Sweetin,* 745 F.3d 756, 764 (5th Cir. 2014) ) (per curiam) (agreeing with district court that, as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," thus upholding *sua sponte* dismissal of deliberate-indifference claim brought by inmate who slipped and fell in the shower); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (upholding dismissal at summary judgment of Eighth Amendment claim brought by inmate who attributed slip-and-fall to standing water in shower, since "slippery floors constitute a daily risk faced by members of the public at large."); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (even if shackled inmate might fall on wet floor while showering, allegations of "slippery prison floors" do not state "even an arguable claim for cruel and unusual punishment"). Although wet or unclean floors "do present a possibility that inmates might slip, [Harris's] allegations do not suggest a *substantial risk* of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment." *Bell v. Ward,* 88 F. App'x 125, 127 (7th Cir. 2004). *See also Carroll v. DeTella,* 255 F .3d 470, 472 (7th Cir. 2001) (the Eighth Amendment does not require prison official to provide an environment that is free from safety hazards). Therefore, Harris has not stated a claim for unconstitutional conditions, and Count 1 is dismissed.

**Count 2**

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively

Page 4 of 8

serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

The Court does not find that Harris has pled that he suffered from an objectively serious medical condition. Harris claims that due to his fall, his wrist was cut, bleeding, and causing him pain. The injury was sufficiently treated an hour after the accident by a licensed practical nurse with an ace bandage, "a shot," and ibuprofen. The Seventh Circuit has held that such superficial injuries "do not rise to the level of an objectively serious medical need." *Pinkston v. Madry*, 440 F. 3d 879, 891(7th Cir. 2006) (finding that a split lip and a swollen cheek do not rise to the level of an objectively serious medical need) (citing *Davis v. Jones*, 936 F. 2d 971, 972-73 (7th Cir. 1991) (a "one-inch laceration to an arrestee's temple, that was neither deep enough or long enough to require stitches, and a scraped elbow did not require prompt medical attention under the Eighth Amendment")). As Harris did not suffer from a serious medical condition, Defendants failure to promptly take him to the medical unit does not constitute the kind of deliberate indifference needed to give rise to a constitutional violation, and Count 2 is dismissed without prejudice.

Harris will be afforded the opportunity, however, to file an amended complaint to

replead Count 2 and include any facts which may exist to support a claim that Defendants acted with deliberate indifference to a serious medical condition.

### MOTION FOR RECRUITMENT OF COUNSEL

Harris has filed a Motion for Recruitment of Counsel (Doc. 14), which is denied.[3] Harris states that he and his family have contacted attorneys with no success, and he has provided copies of the declination letters from two different law firms in support of his motion. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Harris indicates that he has no legal education and would not have an equal chance representing himself. Harris's limited knowledge of the law, however, is not unique to him as *pro se* litigant and does not necessarily warrant recruitment of counsel. Although the Complaint has not survived preliminary review, his pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. The Court has instructed Harris on how to replead Count 2 and file an amended complaint if he so chooses, and Harris appears competent to try this matter without representation at this early stage.

### DISPOSITION

**IT IS HEREBY ORDERED** that **Count 1** is **DISMISSED with prejudice**, and **Count 2** is **DISMISSED without prejudice**. Therefore, the Complaint does not survive preliminary review pursuant to 28 U.S.C. § 1915A and is **DISMISSED** for failure to state a claim upon which relief may be granted**.** The Motion for Recruitment of Counsel (Doc.

---

[3] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

14) is **DENIED.**

Harris is **GRANTED** leave to file a "First Amended Complaint" on or before **June 29, 2021**, in order to replead his claims in Count 2 and to include any facts which may exist to support an Eighth Amendment claim for deliberate indifference to a serious medical need. Should Harris fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Harris use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00835-RJD). To enable Harris to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Harris must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Harris is **ADVISED** that his obligation to pay the filing fee for this action was

incurred at the time the action was filed, thus the filing fee of $350 remains due and payable regardless of whether he proceeds with an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir.1998).

Finally, Harris is **ADVISED** that he is under a continuing obligation to keep the Clerk informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 1, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**