IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERVIN HARRIS, #M54649, <br><br>          Plaintiff, <br><br>v. <br><br>C/O BURTON, C/O DUBREE, and SERGEANT GREEK, <br><br>          Defendants. | Case No. 20-cv-00835-RJD |

## MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Ervin Harris filed this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while he was incarcerated at Shawnee Correctional Center. The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice. (Doc. 15). The Court granted Harris an opportunity to clarify his claims in an amended complaint. He was directed to file a First Amended Complaint on or before June 29, 2021. Additionally, Harris was warned that the action would be dismissed with prejudice and that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g) if he failed to file an amended complaint by the deadline. (*Id*.).

Harris missed the deadline. More than two months have passed since it expired, and he has not requested an extension or filed an amended complaint. The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with a Court Order (Doc. 15) and for failure to prosecute. *See* FED. R. CIV. P. 41(b).

For these reasons, this action is **DISMISSED with prejudice**, based on Harris's failure to comply with the Court's Order to file a First Amended Complaint on or before June 29, 2021, (Doc. 15), and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of his three allotted "strikes" within the meaning of Section 1915(g).

If Harris wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Harris must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Harris may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 1, 2021

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**